UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO RENE BORJAS ELIAS,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No.  1:26-cv-01559-DAD-JDP<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On February 24, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  On March 9, 2026, petitioner filed a motion for temporary restraining order requesting his immediate release.  (Doc. No. 4 at 4.)  That same day, the court set a briefing schedule for petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC, 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), where the court concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in his continued release, and *Espinoza v. Chestnut*, No. 1:26-cv-00937-DAD-CKD, 2026 WL 309562

1

1  (E.D. Cal. Feb. 5, 2026), in which the court determined the administrative exhaustion requirement

2  is properly waived where, as here, it would be futile.  (Doc. No. 5.)

3        On March 10, 2026, respondents filed a motion to dismiss the petition (Doc. No. 6), in

4  which respondents state that they do not object to the court converting the motion for temporary

5  restraining order into a motion for preliminary injunction.  (*Id*. at 2.)  Moreover, respondents state

6  that they do not oppose resolving the underlying petition for writ of habeas corpus on the current

7  briefing before the court.  (*Id*.)  Respondents concede in their motion to dismiss that there does

8  not appear to be any substantive distinctions between this case and *Ayala Cajina* or *Espinoza*.

9  (*Id*.)  Still, respondents oppose petitioner's motion, citing the decision *Buenrostro-Mendez v.*

10  *Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  (*Id*.)  The court recently

11  explained why it finds the reasoning of the majority in *Buenrostro-Mendez* to be

12  unpersuasive.  *See Iskandar Wasef v. Chestnut*, et al., 1:26-cv-01078-DAD-JDP, 2026 WL

13  392389 (Feb. 12, 2026).  The court incorporates that reasoning here.

14        In support of his petition for writ of habeas corpus and motion for a temporary restraining

15  order, petitioner presents evidence of the following:

16        Petitioner alleges he entered the United States in February 2024.  (Doc. No. 1 at ¶ 1.)

17  Petitioner was issued a Notice to Appear for removal proceedings on February 12, 2024.  (Doc.

18  No. 1-1 at 2.)  Petitioner was also released from detention with an Order of Release on

19  Recognizance pursuant to the Immigration and Nationality Act § 236 (codified 8 U.S.C. § 1226)

20  on February 12, 2024.  (*Id.* at 4.)  Petitioner alleges he was re-detained by immigration officials

21  on August 11, 2025, in an immigration court lobby following an asylum hearing.  (Doc. No. 1 at

22  ¶ 20.)

23        Because respondent has conceded that this case is not substantively distinct from the

24  situation addressed in the court's prior orders in *Ayala Cajina* and *Espinoza*, the court

25  incorporates and adopts the reasoning set forth in those orders and finds that petitioner's

26  continued detention violates due process.

27  /////

28  /////

2

For the reasons explained above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.    Respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions he was subject to immediately prior to his August 11, 2025 re-detention

    b.    Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

2.    Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting him habeas relief; and

3.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:  **March 11, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3